UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PETER A. POULOS,

       Plaintiff,                              Case No. 1:12-cv-827

vs.                                          Dlott, C.J.
                                                    Bowman, M.J.

PNC BANK, N.A.,

       Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Peter A. Poulos initiated this action by filing a *pro se* complaint against Defendant PNC Bank, National Association ("PNC"). (Doc. 3). Plaintiff's complaint arises from Defendant's attempt to collect past-due debt on a Term/Time Note signed by Plaintiff. *Id.* This action is now before the Court on Defendant's motion to dismiss Plaintiff's complaint pursuant to 12(b)(6) (Doc. 5) and parties' responsive memoranda. (Docs. 9-10).

### I. Background and Facts

Plaintiff Poulos ("Mr. Poulos") signed a Cognovit Guarantee ("the Guarantee"), dated August 25, 1992, with The Central Trust Company, N.A., a PNC Bank, in consideration for Central Trust's extension of credit to The Chili Company, Inc. (Doc. 3, Ex. B). It provided that Mr. Poulos ". . .guarantees the prompt payment of all types of indebtedness, liabilities and obligations of the [The Chili Company, Inc.]…whether now existing or hereinafter arising or contracted. . . ." (Doc. 3, Ex. B, 1)*.* On February 28, 2003, William Poulos and The Chili Company signed a Term/Time Note with PNC

1

promising to repay PNC the loan amount plus interest. (Doc.3, Ex. A). Plaintiff did not sign this Term/Time Note.

On January 7, 2008, PNC filed a state-court case seeking to collect past-due debt on the Term/Time Note from four Defendants, one of which was Mr. Poulos. (Doc. 5, Ex. A). PNC alleged that the Guarantee made Mr. Poulos joint and severally liable for the past-due debt. *Id.* Because Mr. Poulos failed to answer, plead or otherwise defend, the state court issued a Default Judgment in favor of PNC on February 2, 2009. (Doc. 5, Ex. B). The state court case has remained open as a garnishment proceeding and Mr. Poulos has a pending Rule 60(B) motion in that court.

Plaintiff filed the instant federal Complaint against PNC on November 1, 2012, seeking that the Guarantee be declared null and void and seeking damages for PNC's alleged misuse of the Guarantee against Plaintiff. (Doc. 3, p. 4).

## II. Analysis

### A. Standard of Review under Rule 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

(1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678(citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Additionally, a court may consider exhibits attached to the complaint and public records in deciding a motion to dismiss under certain circumstances. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997)). "Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir.2008)). Though, generally, a court may not consider matters outside of the pleadings when ruling on a 12(b)(6) motion without converting it into a Rule 56 motion for summary judgment, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

### B. Defendant's motion to dismiss is well-taken

Defendant avers that the action should be dismissed because (1) Plaintiff's complaint is barred by the doctrine of res judicata, and (2) the facts pled provide no

3

factual or legal basis for the relief sought by Plaintiff. (Doc. 5, p. 3). The undersigned agrees.

    1. *Res Judicata*

"When deciding whether to afford preclusive effect to a state court judgment, the Full Faith and Credit Act, 28 U.S.C. § 1738, requires the federal court to give the prior adjudication the same preclusive effect it would have under the law of the state whose court issued the judgment." *Stemler v. Florence*, 350 F.3d. 578, 586 (6th Cir. 2003) (citing *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984)). "If an individual is precluded from litigating a suit in state court by traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." *Gutierrez c. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987) (footnote omitted). Therefore, a federal court looks to the applicable state law to determine the preclusive effect it would attach to that judgment.

"In Ohio, '[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel.' " *State ex. Rel. Davis v. Pub. Emp. Ret. Bd.*, 899 N.E.2d 875, 981 (Ohio 2008) (quoting *O'nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007)). "Issue preclusion, or collateral estoppel, holds that a fact or a point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Id.* at 982 (quoting *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.*, 692 N.E.2d 140, 144 (Ohio

1998)). "Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Id.* (quoting *Thompson v. Wing*, 637 N.E.2d 917, 923 (Ohio 1994).

"Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. Where a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." *O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007) (internal citations omitted).

Here, both the state court case and the Complaint involve the same parties and both arose from the same transaction or occurrence—the signing of the Guarantee by Plaintiff and Defendant seeking to collect on the Time/Term note based on the Guarantee. In fact, all of the exhibits attached to Plaintiff's Complaint are exhibits from the state court case filed by PNC against Plaintiff on January 7, 2008. Mr. Poulos had the opportunity to assert his claims in the state court but failed to answer, plead or otherwise defend, resulting in a Default Judgment for PNC.[1]

Notably, default judgment operates as a final judgment on the merits. *See Kline v. Mortgage Elec. Sec. Sys.*, 3:08CV408, 2011 WL 1118485 (S.D. Ohio Feb. 16, 2011) report and recommendation adopted, 3:08CV408, 2011 WL 1119698 (S.D. Ohio Mar. 24, 2011) (Ohio case law expressly recognizes that "[a] default judgment is a valid and

---

[1] Plaintiff filed a Motion for Relief from Judgment or Order pursuant to Ohio Civil Rule 60(B) on October 21, 2012, asserting similar arguments as those in the instant Complaint, which further supports the finding that these claims should be resolved in state court.

5

final judgment upon the merits, and it can be, therefore, a proper bar to later claims for purposes of claim preclusion.") (citations omitted). As such, claim preclusion bars the relief sought by Plaintiff in this court.[2] Therefore, Plaintiff has failed to state a claim upon which relief can be granted and the Complaint should be dismissed pursuant to Rule 12(b)(6).

   2. *Sufficiency of Pleadings*

Even if res judicata did not bar the claims brought by Plaintiff, the pleadings do not rise to the level required to survive a Rule 12b)(6) Motion to Dismiss as prescribed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The only facts pled in the Complaint in support of Plaintiff's request for relief are the ages of the Guarantee and the Term/Time Note, the actual terms contained in those two agreements, and that Plaintiff did not sign the Term/Time Note. (Doc. 3). These must be taken as true for the purposes of this motion. By the terms of the Guarantee, specifically the language covering obligations "existing or hereinafter arising or contracted," the Term/Time Note not being signed by Mr. Poulos is immaterial. He signed the Guarantee and by so doing agreed to its terms. This does not lead to a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662, 678. Similarly, Plaintiff's assertion that the Guarantee does not cover the Term/Time Note is an unsupported legal conclusion. By the plain terms of the Guarantee, the Term/Time Note falls squarely within the meaning of a

---

[2] An assertion of issue preclusion in this case is misplaced because the issues of the validity of the Cognovit Guarantee and the Term/Time Note have not been directly and actually litigated in state court. Claim preclusion, on the other hand, is directly applicable to the circumstances of the instant case. Consequently, a finding of issue preclusion, or collateral estoppel, is not necessary.

"type[] of indebtedness, liabilit[y] and obligation of the [The Chili Company, Inc.]" arising after the Guarantee.

Additionally, Plaintiff's assertion that the Cognovit Guarantee and/or the Term/Time Note are too old to be enforced is also misplaced. The age of such notes does not have any bearing on their enforceability. The Guarantee was a valid contract subject to O.R.C. § 2305.06 statute of limitations[3] and was enforceable, by its plain terms, at the time the Term/Time Note was signed. Because an action seeking to enforce the Guarantee accrued when it was breached (see *Franconia Assoc. v. United States*, 536 U.S. 129, 141-42 (2002)), and since PNC brought its state court action within the period permitted by the statute, the age of the Guarantee does not lead to a reasonable inference that the Guarantee is unenforceable against Mr. Poulos or that the Guarantee should be found null and void. Furthermore, PNC's state court action based on the Term/Time Note falls well within the six-year statute of limitations imposed by O.R.C. § 1303.16 on actions on negotiable instruments. The age of the Term/Time Note does not lead to a reasonable inference that the Note is unenforceable against Mr. Poulos or that is should be found null and void.

Plaintiff's Response to the Motion to Dismiss (Doc. 9) does nothing to cure these defects. Not only does he not rebut Defendant's arguments for dismissal, he erroneously equates a cognovit judgment with a cognovit guarantee. He cites to two Ohio appellate cases involving cognovits judgments, but the Default Judgment against him was not a cognovit judgment based on the Guarantee. It was based on his failure

---

[3] Defendant correctly notes that the result in this case is the same under either the former fifteen-year statute of limitations or the newly-amended eight-year statute of limitations for actions on contracts in writing.

7

to appear, plead or otherwise defend after being properly served notice. (Doc. 5, Ex. B). Plaintiff also seems to suggest that PNC committed fraud but puts forth no facts to support this legal conclusion. Therefore, Plaintiff has failed to state a claim upon which relief can be granted and the Complaint should be dismissed pursuant to Rule 12(b)(6).

### III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 5) should be **GRANTED** and this matter be **TERMINATED** on the active docket of the Court**.**

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PETER A. POULOS,

    Plaintiff,

vs.

PNC BANK, N.A.,

    Defendant.

Case No. 1:12-cv-827

Dlott, C.J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).